J-A02011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KYLE EVERLY :
:
Appellant : No. 769 WDA 2022

Appeal from the Judgment of Sentence Entered June 8, 2022
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000487-2020

BEFORE: BOWES, J., OLSON, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.: **FILED: JANUARY 10, 2023**

Kyle Everly appeals from the June 8, 2022 judgment of sentence of 127 days to eleven and one half months of incarceration plus one year of consecutive probation imposed following his conviction for indecent assault. Philip L. Clabaugh, Esquire, has filed an application to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm Appellant's sentence and grant counsel's application to withdraw.

On September 28, 2020, F.T. (hereinafter "the victim") was visiting her sister, D.M., at her new apartment in McKean County, Pennsylvania, when the underlying events in this case took place.[1] **See** N.T. Jury Trial, 1/31/22, at

_____

[1] To protect the privacy of the victim we have substituted initials for her and her sister's full names.

14-19. Also present were D.M.'s children, her boyfriend, and Appellant.[2] Around 10:00 p.m., the victim went outside to retrieve her laptop from D.M.'s vehicle. Appellant assisted her with the retrieval and on the way back into the house he walked behind her and "slapped [her] on the butt." *Id*. at 16. The victim immediately stated, "[Appellant], don't." *Id*. Appellant responded, "Oh, I didn't realize that you didn't want me to." *Id*.

Once back inside the apartment, the victim sat on D.M.'s futon in the living room and began watching a movie on her laptop with her headphones. Appellant, who was located on a different couch in the same room, requested to snuggle with her and watch the movie together. The victim responded, "No, you can sit right there and watch it from the couch," because she "did not want him touching me." *Id*. at 17-18. At approximately 11:00 p.m. the victim stepped outside the apartment to take a phone call. When she returned, Appellant was asleep. D.M., her boyfriend, and the victim played cards for approximately an hour at an outside table before separating to go to sleep. Since the bedrooms were not set-up yet, D.M. and her boyfriend slept on the futon in the living room where Appellant was already asleep. The victim fell asleep on a couch in the adjacent kitchen.

A short time later, the victim awoke to find Appellant with his head between her legs licking her vagina. *Id*. at 19, 31-32. The victim quickly

---

[2] Appellant, D.M., and the victim had known each other for several years as they were raised in the same foster home "on and off" during Appellant's teenage years. N.T. Jury Trial, 1/31/22, at 86.

pushed Appellant's head away, kicked him, and "swooped my pants." *Id*. Appellant stood up and said, "I just want to cuddle." *Id*. The victim told Appellant, "No, I don't want to," Appellant said, "Oh, I didn't realize that" and left the room. *Id*. at 19-20. The victim then went back to sleep.

At approximately 7:00 a.m. the victim woke up because she "felt like there was someone standing above me and [she] realized [her] shirt was wet." *Id*. at 20. Appellant was standing above her with his pants and underwear down and his penis out. *Id*. The victim twice asked him why her shirt was wet, but Appellant said nothing. When they both heard someone stirring from the room next door, Appellant exclaimed, "oh shit," and quickly pulled up his pants. *Id*. A few moments later, D.M. entered the room and asked Appellant what he was doing. *Id*. at 20, 51. Appellant told her "[h]e was looking for a drink." *Id*. at 20-21, 51. D.M. responded that there was "no day drinking in her house" and, noticing that the victim "seemed a little off," asked the victim to come upstairs. *Id*. at 20-21, 51-52. Once they were alone, D.M. asked the victim what happened, and the victim told her that her shirt was wet. *Id*. at 21. The victim opined that the liquid may be Appellant's semen, but she was not sure. *Id*. Due to their conversation, D.M. transported the victim to Bradford Regional Hospital. *Id*. at 45, 52-53, 55-56, 76.

At the hospital the victim was examined by medical staff and interviewed by Bradford City police officer Matthew Gustin. *Id*. at 76-77. After leaving the hospital, Officer Gustin went to the residence to retrieve the bedding the victim was using at the time of the assault and to photograph the crime scene.

*Id*. at 78. Later that night, the victim went to the police station for a formal interview that was recorded. *Id*. at 77-78. Officer Gustin also interviewed Appellant, who acknowledged that the victim had rejected sexual advances by him that day and in the middle of the night. *Id*. at 81-82, 84. Appellant also admitted that in the early morning hours of September 29, 2020, he performed "an MB and catch" overtop of the victim. *Id*. at 83. Appellant explained that "an MB and catch" meant that he masturbated over the victim and tried to catch it with his hand. *Id*. at 83. However, since he did not have a sock, his seminal fluid landed on the victim's head, shoulder, and down her side. *Id*. at 83. Appellant conceded that he masturbated for his own sexual gratification but alleged that he did not intend to drop his seminal fluid on the unconscious victim. *Id*. at 97 ("[Appellant] indicated he messed up bad he didn't have a sock and it got on her."); *see also id*. at 98 (noting that Appellant kept repeating that he did not mean to get anything on the victim); *see also id*. at 105 (testifying that he masturbated to fulfill his own sexual gratification). Finally, Appellant repeatedly denied licking the victim's vagina. *Id*. at 84. Instead, he claimed that he was merely "trying to cuddle with her" when she hit him in the head and told him she did not want to cuddle. *Id*. Thereafter, Appellant was arrested and charged with harassment and two counts of indecent assault.

On January 31, 2022, Appellant proceeded to a jury trial on the two indecent assault charges. At trial, the victim, D.M., and Officer Gustin testified for the Commonwealth. Appellant testified in his own defense, consistently

with his earlier statement to Officer Gustin, that he accidentally ejaculated on the sleeping vicitm after his semen slipped through his fingers. *Id*. at 104 (testifying that he was attempting to "masturbate and catch" but his efforts failed when he did not have a sock and apologizing for failing to "catch everything."). Appellant also denied "licking [the victim's] vagina," but admitted to laying his head on her hip while she was asleep. *Id*. at 105-07. The jury found Appellant guilty of indecent assault – ejaculate and not guilty of indecent assault- vaginal licking. The trial court subsequently found Appellant not guilty of the summary harassment offense. Sentencing was deferred so that Sexual Offender Assessment Board could evaluate Appellant and a pre-sentence report could be completed.[3] On June 8, 2022, Appellant was sentenced to serve 127 days to eleven and one half months of incarceration followed by one year of probation with 127 days credit for time served. *See* N.T. Sentencing Hearing, 6/8/22/ at 14. Appellant was also ordered to register as a sex offender for twenty-five years. *Id*. at 8. This timely appeal followed. Both the trial court and Appellant complied with the mandates of Pa.R.A.P. 1925.

In this Court, Attorney Clabaugh filed both an *Anders* brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter:

---

[3] The Sex Offender Board determined that Appellant did not meet the criteria to be classified a sexually violent predator. *See* Sentencing Hearing, 6/8/22, at 3.

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .

**Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007)

(citations omitted). Our Supreme Court has further particularized portions of

the **Anders** procedure as follows:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statues on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Based on our examination of counsel's petition to withdraw and *Anders* brief, we conclude that Attorney Clabaugh has substantially complied with the technical requirements set forth above. As required by *Santiago*, counsel reviewed the factual and procedural case history, referred to one issue that arguably supports this appeal, stated his conclusion that the argument is frivolous, and cited to the certified record and controlling case law in support of that conclusion. *See Anders* brief at 5-20. Additionally, Attorney Clabaugh gave Appellant proper notice of his right to immediately proceed *pro se* or retain another attorney.[4] *See* Motion to Withdraw as Counsel, 10/13/22, at unnumbered 1; *see also* Letter, 10/10/22, at 1. Accordingly, we will proceed with an independent examination of the record in order to discern if any non-frivolous issues exist. *See Commonwealth v. Dempster*, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*).

As noted above, counsel identified one issue that arguably supports this appeal "challenging the sufficiency of evidence presented at trial on January 31, 2022 to support a conviction for [i]ndecent [a]ssault[.]" *Anders* brief at 14. Specifically, Appellant contends that the evidence was insufficient to establish that he intended for the victim to encounter his seminal fluid.

Our scope and standard of review when considering challenges to the sufficiency of the evidence are well settled:

---

[4] Appellant did not file a response to counsel's petition.

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Williams***, 176 A.3d 298, 305–06 (Pa.Super. 2017) (citations and quotation marks omitted). Further, "the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient" to sustain a conviction. ***Commonwealth v. Diaz***, 152 A.3d 1040, 1047 (Pa.Super. 2016) (citation omitted).

A person is guilty of the relevant subsection of indecent assault if

the person . . . intentionally causes the complainant to come into contact with seminal fluid . . . for the purpose of arousing sexual desire in the person or the complainant and:

. . . .

(4) the complainant is unconscious or the person knows that the complainant is unaware that the indecent contact is occurring[.]

18 Pa.C.S. § 3126(a)(4).

Consistent with Appellant's testimony and defense theory at trial, the sole contention raised by counsel is that the evidence was insufficient to

- 8 -

establish that he intended for the vicitm to come into contact with the seminal fluid. The trial court disagreed, recounting the trial testimony and finding the evidence was sufficient to establish the elements of § 3126(a)(4). *See* Trial Court Opinion, 2-4. Furthermore, it found Appellant's claim was actually a challenge to the weight of the evidence, since Appellant was arguing that his testimony should have been credited over the circumstantial and direct evidence to the contrary. *Id*. at 4. We agree with the trial court that the evidence was sufficient to establish indecent assault and that Appellant's argument sounds in the weight of the evidence.

It is undisputed that Appellant masturbated over top of the victim when she was asleep for the purpose of arousing his own sexual desire. Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, it was within the province of the jury to infer from Appellant's actions and earlier instances of unwanted contact with the victim that he intended for her to encounter his seminal fluid. *See Commonwealth v. Johnson*, 180 A.3d 474, 579 (Pa.Super. 2018) (establishing that a single witness's testimony, alone, may be sufficient to establish every element of a criminal offense so long as the testimony "speaks to each element, directly and/or by rational inference").

Additionally, to the extent that this claim rests upon attacking the jury's assessment of Appellant's credibility under the guise of sufficiency, it was properly deemed by the trial court as a challenge to the weight of the

evidence. *See Commonwealth v. Wilson*, 825 A.2d 710 (Pa.Super. 2003) (explaining that sufficiency of the evidence review does not include assessment of credibility, which is more properly characterized as a challenge to the weight of the evidence). However, it is well settled that "[a] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." *See Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa.Super. 2014) (citations omitted). Herein, Appellant raised this claim for the first time in his Pa.R.A.P. 1925(b) statement. Accordingly, this claim is waived. *See* Pa.R.Crim.P. 607(A); *Thompson*, *supra* at 490.

Based upon our review of the record, we agree with defense counsel's assessment that the issue is frivolous. Moreover, our own independent review of the record did not reveal any additional, non-frivolous issues preserved in this appeal. *See Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa.Super. 2015). Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  01/10/2023